IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02598-WYD-CBS

THEODORE ACOSTA,

    Plaintiff,

v.

GLENN WILSON, in his Official and Individual Capacities; and
RIECKE E. CLAUSSEN, former Sheriff of Mesa County, Colorado, in his Official and Individual Capacities,

    Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER comes before the Court on both Defendant Claussen's Motions Asserting Qualified Immunity and to Dismiss Complaint for Failure to State a Claim [# 11], filed April 10, 2006, and Defendant Wilson's Motions to Dismiss Pursuant to Fed. R. Civ. P. 12(b), Asserting Immunity and Plaintiff Fails to State a Claim [# 38], filed June 20, 2006.

By way of background, Plaintiff initially asserted ten causes of action against the Defendants.  (Am. Compl. ¶¶ 35-71.)  Based on Plaintiff's Responses, Plaintiff concedes that seven claims should be dismissed because they are either barred by the applicable statutes of limitations or do not apply to the Defendants.  (Resp. ¶¶ 1-5.) Accordingly, three causes of action alleging various Constitutional violations under 42

U.S.C. § 1983 remain.  First, Plaintiff alleges that both Defendants participated in an illegal arrest.  Second, Plaintiff alleges that as a result of this unlawful arrest, conviction and subsequent detention, both Defendants deprived Plaintiff of his right to liberty without due process.  Third, Plaintiff alleges that both Defendants refused or neglected to prevent the malicious prosecution, arrest, and imprisonment of the Plaintiff.  For each claim, Plaintiff seeks damages as a result of the Defendants' alleged unlawful conduct.  (Compl. ¶¶ 35-71.)  For the reasons stated below, Defendants' motions are GRANTED.

II.     FACTUAL BACKGROUND

According to the pleadings, in November of 1999, Plaintiff offered to purchase a truck from his neighbor.  The seller agreed to sell the truck and permitted the Plaintiff to take immediate possession of the vehicle.  Plaintiff was to pay the seller an unspecified amount "as soon as he could."  (Am. Compl. ¶¶ 7-9.)  The seller helped Plaintiff push the truck to Plaintiff's residence.  The seller retained the title to the truck.  Over the next several months, the seller periodically requested payments, and the Plaintiff repeatedly told the seller that he would make payments for the truck.  While Plaintiff made no payments to the seller, he did notify the seller that he was taking the truck to his new address.  Several months later, the seller noticed the truck was not located at Plaintiff's new address.  The seller called the Plaintiff and demanded that his truck be returned.  Plaintiff stated that he had taken the truck to a mechanic but could not pay for the repairs.  The seller went to retrieve the truck and discovered that Plaintiff had sold the truck to a salvage yard.  (Am. Compl. ¶¶ 10-18.)

On February 9, 2000, the seller notified the Mesa County Sheriff's Department and reported that his truck had been stolen. Defendant Wilson, a sheriff's deputy, investigated the matter, and charges were brought against the Plaintiff for felony theft. (Am. Compl. ¶¶ 19-20.) On or about July 4, 2000, Plaintiff was arrested and incarcerated. Plaintiff made bail that same day. On November 20, 2000, an arrest warrant was issued for the Plaintiff for failure to appear at the Mesa County District Court. (Am. Compl. ¶¶ 26-28.) On November 26, 2000, Plaintiff was arrested and incarcerated until he posted bail on December 4, 2000. Following a trial on or about November 27-28, 2001, Plaintiff was convicted of felony theft and aggravated motor vehicle theft and sentenced to the Colorado Department of Corrections.

Plaintiff appealed his conviction. The Colorado Court of Appeals reversed Plaintiff's conviction and issued its Mandate on December 15, 2003. (Am. Compl. ¶¶ 29-32.) On December 17, 2003, the Mandate was filed in the Mesa County District Court, and on December 18, 2003, the District Court Judge dismissed Plaintiff's criminal case and vacated the sentence. On December 21, 2005, Plaintiff filed his Complaint in the instant action. (Def. Claussen's Mot. ¶¶ 13-14.)

III.   ANALYSIS

   A.   Standard of Review

The Defendants assert in their respective motions that Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). In construing a motion to dismiss, the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most

favorable to the plaintiff.'" *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 U.S. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)). "A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'" *Id.* (quoting *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995)). "A motion to dismiss under Rule 12(b) 'admits all well-pleaded facts in the complaint as distinguished from conclusory allegations.'" *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001)(quoting *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976)).

If, accepting all well-pleaded allegations as true and drawing all reasonable references in favor of plaintiff, it appears beyond doubt that no set of facts entitle plaintiff to relief, then the court should grant a motion to dismiss. *See Tri-Crown, Inc. v. Am. Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

    B.    <u>Defendants' Motions to Dismiss</u>

Defendants Riecke E. Claussen and Glenn Wilson both move to dismiss this action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Defendants argue that all claims are barred by the applicable statutes of limitations. First, the Defendants argue that the claims arising from the arrest accrued on the date of the arrests, July 4, 2000 and November 26, 2000. Second, the Defendants assert that the claims relating to the malicious prosecution, conviction, and incarceration accrued on December 18, 2003, the date the District Court dismissed Plaintiff's case. Under Colo. Rev. Stat. § 13-80-102, the applicable statute of limitations for constitutional claims arising from the event or injury is two years. Plaintiff's cause of action was filed on December 21, 2005,

more than five years after the arrests, and more than two years after the prosecution, conviction, incarceration, and dismissal.

Plaintiff, on the other hand, argues that he is entitled to additional time to file this action under the notice and mailing provisions of the Colorado Rules of Civil Procedure. Plaintiff states that "Defense counsel, to prevail on their Statute of Limitations argument, would have to prove that Mr. Acosta [Plaintiff] got the notice of the dismissal before December 21, 2003." (Pl.'s Resp. ¶ 5.)

C. Analysis

Turning to my findings, the Supreme Court has stated that "§ 1983 claims are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). State statutes of limitation that apply to general personal injury claims provide the limitations periods for § 1983 claims. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). However, "federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Department*, 195 F.3d 553, 557 (10th Cir. 1999). Therefore, I apply the two year statute of limitations provided in Colo. Rev. Stat. § 13-80-102 to my analysis of the timeliness of Plaintiff's claims.

First, I consider whether Plaintiff's claims relating to the arrest are barred by the statute of limitations. The Tenth Circuit has held that "causes of action relating to an allegedly illegal arrest arise at the time of arrest." *Beck*, 195 F.3d at 558. Plaintiff was arrested on June 4, 2000 and November 26, 2000. Plaintiff filed his claims on December 21, 2005, well beyond the two year statute of limitations. Therefore, I find dismissal is warranted for Plaintiff's claims relating to the arrest.

Second, I consider whether Plaintiff's claims relating to the prosecution, conviction, and subsequent detention are barred by the statute of limitations. Under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that § 1983 claims accrue when the conviction or sentence has been invalidated. The Tenth Circuit further stated that § 1983 claims "arise at the time the charges are dismissed." *Beck*, 195 F.3d at 557. In the case at hand, the Mesa County District Court dismissed Plaintiff's criminal case and vacated the sentence on December 18, 2003. Plaintiff filed his claims on December 21, 2005, outside of the two year statute of limitations. After accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of the Plaintiff, I find that no set of facts entitle the Plaintiff to relief. Therefore, I dismiss Plaintiff's remaining claims relating to his prosecution, conviction, and subsequent detention. Thus, having concluded that Plaintiff's claims are barred by the applicable statutes of limitations, I need not address the immunity arguments in Defendants' motions.

IV.   CONCLUSION

Based on the foregoing, it is

ORDERED that Defendant Claussen's Motion Asserting Qualified Immunity and to Dismiss Complaint for Failure to State a Claim [# 11], filed April 10, 2006 is **GRANTED**. It is

FURTHER ORDERED that Defendant Wilson's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b), Asserting Immunity and Plaintiff Fails to State a Claim [# 38], filed June 20, 2006 is **GRANTED**. It is

FURTHER ORDERED that Plaintiff's claims against the Defendants are **DISMISSED WITHOUT PREJUDICE**.

Dated:  January 31, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge